IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
TISA HOLLEY,                                        )
                                                                )
    Plaintiff,                                       )
                                                                )
        v.                                              )          Civil Action No.____
                                                                )
FRIENDSHIP PUBLIC                              )
CHARTER SCHOOL, INC.                      )          (Jury Trial Demanded)
                                                                )
Serve:  Donald L. Hense                       )
          1400 1st Street, NW                     )
          Suite 300                                      )
          Washington, D.C.                        )
          20001                                            )
          Registered Agent                         )
                                                                )
                                                                )
    Defendant.                                    )
_____

## COMPLAINT

**TISA HOLLEY**, by counsel, hereby moves this Court for Judgment in her favor, and against the Defendant **FRIENDSHIP PUBLIC CHARTER SCHOOL, INC.** and in support thereof, states as follows:

## NATURE OF ACTION

1. This is a civil action alleging violation of, interference with rights granted under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. ("FMLA"), and retaliation in violation of FMLA when Plaintiff was terminated while attempting to exercise her FMLA rights.

## PARTIES

2. Plaintiff, Tisa Holley ("Holley"), is a citizen of the United States, a resident of Maryland, and worked for FCPS, as defined below, at all times during her employment with FCPS, in the District of Columbia.

3. Defendant, Friendship Public Charter School ("FPCS"), is a District of Columbia corporation and has its principal place of business and offices at 1400 1st Street, NW, STE 300, Washington, D.C. 20001 ("FCPS Offices").

4. At all relevant times FPCS had more than 50 employees within 75 miles of FCPS Offices, and in all respects was covered as an employer under 29 U.S.C. § 2611(4) and other sections of the FMLA.

5. Ms. Holley was an "eligible employee" of Friendship Public Charter School, Inc. ("FPCS") within the meaning of 29 U.S.C. §2611(2)(A).

6. FPCS is an "employer" within the meaning of 29 U.S.C. §2611(4)(A) and D.C. Code § 2-1401.02(10).

7. FPCS has had more than 50 employees for each working day in each of twenty or more calendar weeks in the relevant or preceding year, within the meaning of 29 U.S.C. § 2611 (4) (A).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over MS. Holley's claims pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq..

9. The amount in controversy in this action exceeds the jurisdictional minimum amount for this Court.

10. Ms. Holley, at all times relevant hereto, was employed by Friendship Public Charter Schools, Inc. and performing work on behalf of Friendship Public Charter Schools, Inc. in the District of Columbia.

11. FPCS is present in and conducts business in the District of Columbia and the acts complained of herein occurred in the District of Columbia. Therefore, FPCS is subject to the personal jurisdiction of this Court.

12. The unlawful employment practices in this case were committed in the District of Columbia, and Ms. Holley would have continued to work for FPCS in the District of Columbia but for FPCS unlawful practices.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1331.

14. Jurisdiction and venue are proper in this Court.

## BACKGROUND

15. In 2016 Ms. Holley was offered and accepted employment with FPCS.

16. From July 15, 2016 until August 10, 2018, when Ms. Holley was wrongfully terminated without cause eight (8) days after going on unexpected medical leave and requesting FMLA pursuant to her doctor's instructions, Ms. Holley worked continuously for FPCS and met or exceeded the 1250 hour statutory

requirement to exercise her rights under the FMLA.

17. During Ms. Holley's employment her solid performance resulted in pay increases, continued employment offers with FPCS, and bonuses.

18. At no point was Ms. Holley reprimanded, disciplined, or demoted, nor did Ms. Holley give FPCS cause to do so.

19. Ms. Holley worked on a full time, salaried basis for FPCS through on or about August 10, 2018, when she was terminated without cause within 8 days of requesting leave for illness and FMLA.

20. On or about July 26-29, 2018 as part of her work duties Ms. Holley attended a leadership training conference at Towson University for a group of students.

21. On or about Saturday, July 28, 2018 Ms. Holley began to feel ill and had chills, fever, sore throat and random sweats.

22. By Wednesday, August 1, 2018, the symptoms became worst and persistent with additional symptoms of headaches, neck pain, chest pain, back pain, knee pain, leg and feet swelling with pain, and increased perspiration.

23. During work on Wednesday, August 1, 2018, Ms. Holley made an appointment to see her doctor and attempted to relay this information to the FPCS office manager, but the FPCS office manager departed for the day before Ms. Holley

could speak with her about her appointment the next day and as a result Ms. Holley did a call out that evening and followed up the morning of Thursday, August 2, 2018, with the FPCS principal and the acting principal for that week letting them know of her absence for the doctor's appointment.

24. On or about Thursday, August 2, 2018 Ms. Holley saw her doctor, who diagnosed Ms. Holley with an upper respiratory infection and a severe Fibromyalgia flare up (a previous diagnoses was made four years prior to this date); advised Ms. Holley to take off from work immediately and to file for FMLA through a period in October 2018, and provided Ms. Holley with a medical excuse for a period thought to be sufficient to file paperwork for and be approved on an urgent basis for FMLA.

## COUNT ONE
## INTERFERENCE WITH RIGHTS GRANTED BY
## THE FAMILY AND MEDICAL LEAVE ACT

25. The allegations of each of the preceding paragraphs are incorporated herein as if specifically alleged.

26. On August 2, 2018 after her doctor's appointment Ms. Holley sent email messages regarding her need for medical leave to: FPCS principal, Ms. Peggy Jones, the school principal; Dr. Arsallah Shairzay, an academy director; and Adrienne Lester, the business manager, along with her assistant, Bruce Mann.

27. With no response from her emails or text messages to FCPS regarding medical leave, On Monday, August 6, 2018 Ms. Holley contacted the FPCS

human resources department, and was sent to an extension belonging to Morgan Sydnor for whom Ms. Holley left a message regarding the application for FMLA.

28. In an effort to obtain and complete any additional FMLA paper work required by FPCS, Ms. Holley sent an email on Monday, August 6, 2018, to the human resources director, Shakira Hemphill requesting the paperwork and that any such paperwork be sent to her at her personal email address due to the fact that she was out of the office on medical leave, but Ms. Holley did not receive a response.

29. In her continued effort to complete any paperwork required by FPCS, again on Tuesday, August 7, 2018, Ms. Holley called the FPCS human resources department and reached a representative, Quinton Brown, who would not provide the FPCS FMLA paperwork and stated that Morgan Sydnor would follow up with Ms. Holley; however, Morgan Sydnor never contacted Ms. Holley, nor did anyone else from FCPS which was clearly in knowing, willful and blatant disregard of Ms. Holley's rights.

30. As a result of FPCS's refusal to provide its FMLA paperwork to Ms. Holley, its failure to follow it's own policies and procedures, and its desire to frustrate Ms. Holley in blatant willful disregard of her rights, and to discourage her in exercising her right to avail herself of FMLA leave, Ms. Holley resorted to using a generic FMLA form to further the FPCS FMLA documentation process, and on Thursday, August 9, 2018, Ms. Holley faxed that form to the dedicated fax machine of the FPCS human resources department, where the director of human resources, Shakira Hemphill's office was located, and to the attention of Morgan Sydnor

consistent with the requirement as understood by Ms. Holley based on her conversation with Mr. Quinton Brown and another FPCS employee.

## COUNT TWO
## RETALIATION IN VIOLATION OF
## THE FAMILY AND MEDICAL LEAVE ACT

31. The allegations of each of the preceding paragraphs are incorporated herein as if specifically alleged.

32. On Friday, August 10, 2018, when FPCS's interference with Ms. Holley's FMLA application process was not successful in deterring Ms. Holley from requesting FMLA leave, FPCS decided to retaliate against Ms. Holley by completely terminating her employment in violation of her rights under the FMLA.

33. As a result of FCPS conduct, interference and retaliation, Ms. Holley continues to suffer emotional distress, immense humiliation, anguish, anxiety, embarrassment, loss of income, loss of employment, loss of benefits, and employment opportunities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tisa Holley requests this Court enter judgment in her favor, and against Defendant, FRIENDSHIP PUBLIC CHARTER SCHOOLS, INC. on the above counts, and further:

(a) Award Ms. Holley $300,000 (Three Hundred Thousand Dollars); and in addition.

(b) Award Ms. Holley liquidated damages on the above-stated $300,000; and in addition

(c) Award Ms. Holley reasonable attorneys' fees and the costs of this action, including expert witness fees; and in addition

(d) Award Ms. Holley such other and further relief as may be appropriate under the circumstances.

## JURY DEMAND

**PLAINTIFF TISA HOLLEY DEMANDS A TRIAL BY JURY**

August 10, 2020

Respectfully submitted,

**/S/ Randy E. McDonald**

Randy E. McDonald
randyevanmcdonald@yahoo.com
D.C. Bar No. 985693
LAW OFFFICE OF ATTORNEY RANDY EVAN MCDONALD
8403 Colesville Road
Suite 1100 Silver Spring, MD 20910
Phone: 240-491-76069